UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS ALLEN SNYDER, by and through his guardian ad litem, ANGELINA WALKER,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:12-cv-0186-KJN<br><br>ORDER |

Plaintiff Nicolas Allen Snyder, by and through his guardian ad litem Angelina Walker, commenced this social security action on January 24, 2012. (ECF Nos. 1-3.)[1] On April 2, 2013, the court granted plaintiff's motion for summary judgment in part, denied the Commissioner's cross-motion for summary judgment, remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for plaintiff. (ECF Nos. 22, 23.) Presently pending before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 24.) The Commissioner filed an opposition to

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and both parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 10, 13.)

1

plaintiff's motion, and plaintiff filed a reply brief. (ECF Nos. 26, 27.) After considering the parties' briefing and the applicable law, the court grants plaintiff's motion for EAJA fees.

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because he successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02 (1993). Furthermore, plaintiff's application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action.[2]

---

[2] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The court entered judgment for plaintiff on April 2, 2013. (ECF No. 23.) The judgment became a non-appealable "final judgment" 60 days later on June 1, 2013. See Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity).

Nevertheless, the Commissioner argues that plaintiff is not entitled to an award of fees under the EAJA, because the position of the Commissioner was substantially justified. See Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees unless the government shows that its position "with respect to the issue on which the court based its remand was 'substantially justified'").

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as:

> "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis in both law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Gutierrez, 274 F.3d at 1259.

The Commissioner's argument that its position in this case was substantially justified is unpersuasive. As discussed in detail in the court's prior order,[3] the ALJ failed to provide germane reasons for discounting the opinions of plaintiff's teachers, who as lay witnesses worked closely with plaintiff on an almost daily basis in different subjects and during different school years. Furthermore, the ALJ failed to provide germane reasons for discounting the testimony of plaintiff's mother. Although the Commissioner attempts to demonstrate substantial justification by showing how the ALJ *could* potentially have weighed the opinions of plaintiff's teachers against other record evidence, and what germane reasons the ALJ *could* potentially have used to

---

Accordingly, plaintiff was required to file an application for EAJA fees no later than 30 days after the "final judgment," i.e., by July 1, 2013. Plaintiff's July 1, 2013 application is therefore timely.

[3] The court does not repeat its analysis of the substantive issues here, but instead refers the parties to its April 2, 2013 order. (See ECF No. 22.)

1  discount plaintiff's mother's testimony, the fact remains that the ALJ failed to perform such
2  analysis in contravention of well-established Ninth Circuit case law.  See, e.g., Molina v. Astrue,
3  674 F.3d 1104, 1114 (9th Cir. 2012); Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).  As
4  such, the Commissioner's position during the administrative proceedings, and its defense of that
5  position in the litigation before this court, were not substantially justified.

6       To be sure, there are several ambiguities and inconsistencies in the record evidence, and
7  for that reason, the court declined to remand the case for payment of benefits.  Indeed, the court
8  expressed no opinion regarding how the evidence should ultimately be weighed within the
9  confines of the applicable regulations and case law.  However, it is the ALJ's duty in the first
10 instance to set forth sufficient reasons for the weight given to pertinent evidence, which in turn
11 permits the court to review whether the ALJ's findings are supported by substantial evidence in
12 the record as a whole.  Because the ALJ failed to discharge that duty, remand was warranted.

13      Therefore, having concluded that the Commissioner's position was not substantially
14 justified, and that there are no other special circumstances that would make an award of EAJA
15 fees unjust, the court finds that plaintiff is entitled to an award of fees pursuant to the EAJA.

16      The EAJA directs the court to award a reasonable fee.  28 U.S.C. § 2412(d)(2)(A).  In
17 determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours
18 expended, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990);
19 Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir.
20 1998).

21      In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of
22 $125 may be justified to account for increases in the cost of living.  See Sorenson v. Mink, 239
23 F.3d 1140, 1148 (9th Cir. 2001).  The cost of living adjustment to the statutory cap is computed
24 by multiplying the statutory cap by the consumer price index for urban consumers for the year in
25 which the fees were earned, then dividing by the consumer price index figure on the date that the
26 cap was imposed by Congress.  Id. at 1148-49; see also Thangaraja v. Gonzales, 428 F.3d 870,
27 876-77 (9th Cir. 2005).  The national, rather than local, change in cost of living should be applied
28 to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living

adjustments in a particular region or city, it could have done so in the statute." Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).

The Commissioner has not opposed the amount of fees sought by plaintiff. In this case, plaintiff submitted a timesheet, with entries broken down by various tasks performed related to the case, showing that plaintiff's counsel spent 42.4 hours on this case in 2012 and 1.5 hours in 2013, at a cost-of-living adjusted rate of $184.32,[4] for a total fee request of $8,100.86. (ECF No. 24-2.) After an independent review of the time entries, the court finds the amount of time spent by plaintiff's counsel to be reasonable and properly supported by the time records. Furthermore, in light of the fact that plaintiff obtained a favorable judgment remanding the case for further administrative proceedings, the amount of fees sought is consistent with the result obtained.

Therefore, the court will award plaintiff EAJA attorneys' fees in the full amount of $8,100.86. The court notes that plaintiff has executed an assignment of EAJA fees to plaintiff's counsel. (ECF No. 24-3.) However, the EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliffe, 130 S. Ct. 2521 (2010). Nevertheless, if the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 24) is GRANTED.
2. Plaintiff is awarded attorneys' fees in the total amount of $8,100.86 pursuant to the EAJA. If the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

IT IS SO ORDERED.

Dated: August 30, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff requests that the 2012 adjusted rate also be used with respect to the work performed in 2013. (ECF No. 24 at 2 n.2.)

5